[Civ. No. 4593. First Appellate District, Division Two.—February 28, 1924.]

THE RUDOLPH WURLITZER CO. OF CALIFORNIA (a Corporation), Respondent, v. HENRY C. CUTTING et al., Appellants.

[1] CONTRACTS—SALE OF PIANO—WIFE AS UNDISCLOSED PRINCIPAL OF HUSBAND—LIABILITY FOR PURCHASE PRICE.—Where the contract for the purchase of a piano is signed by the husband alone, but the piano is delivered to a certain restaurant which is conducted by the wife, and she is the owner of the personal property contained in the restaurant, and the title to the real property stands in her name, and the vendor does not know at the time the contract is signed that the wife is the principal and the husband is acting as her agent, the vendor is entitled to hold either the wife or the husband.

[2] ID.—PLEADING—PARTIES—WAIVER.—Where the vendor under such contract sues both the husband and the wife, and no demurrer is interposed and at no stage of the proceedings is any motion made based upon the proposition that the vendor might not sue the principal and agent jointly, the question is not before the appellate court on appeal from a judgment in favor of the vendor and against both the husband and wife.

[3] ID.—DELAYS IN MAKING REPAIRS—ACTION TO RECOVER PURCHASE PRICE—DEFENSE.—The vendor having agreed to furnish service for the purpose of keeping the piano in repair and adjustment, and on one occasion when the piano was out of order there having been delay in sending a mechanic, but the defendants having made no objection to the delay until they were sued for the price of the instrument, the delay in making the repairs did not constitute a defense to the action by the vendor to recover the balance of the purchase price.

(1) 2 C. J., pp. 840, 843, 844, secs. 522, 526.   (2) 3 C. J., p. 767, sec. 682.   (3) 35 Cyc., p. 239 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. K. S. Mahon, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

E. E. Keyes and J. C. Thomas for Appellants.

Jesse A. Mueller for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover the unpaid balance alleged to be due on the sale by the plaintiff of a certain piano. The trial court awarded a judgment in favor of the plaintiff and the defendants have appealed.

The judgment of the trial court was based on findings of fact which included, among others, a finding:

"That heretofore, to wit: on the 2nd day of June, 1922, at the city and county of San Francisco, State of California, the said plaintiff sold to the said defendants one Wurlitzer piano (used) Style AX, #38637, to be used at said Daisy Farm Inn, and at said time and said place the said defendant, Henry C. Cutting, for and on behalf of both defendants herein, made, executed and delivered to the said plaintiff an agreement in writing, by which the said defendants agreed to pay for said piano, the sum of Twelve Hundred Fifty and 00/100 (1250.00) Dollars; that a copy of said agreement is annexed to the Amended Complaint on file herein and marked 'Exhibit A.'

"4.

"That at the time of the entering into of the agreement above referred to the said plaintiff agreed to install said instrument in the Daisy Farm Inn and to furnish service for the purpose of keeping said instrument above referred to in repair and adjustment, and that the said plaintiff did so install said instrument and did furnish said service to the said defendants whenever so requested by them."

The Exhibit "A" referred to in the findings commences,
"San Francisco, June 2, 1922.

"I promise to pay to the order of The Rudolph Wurlitzer Company of California, a corporation, . . . I admit receipt of said instrument in good order, and I agree to keep the same in good order, . . . I agree that there is no warranty that said instrument is sound or merchantable. . . . I also agree that The Rudolph Wurlitzer Company shall not be bound by any agreements or representations not contained in the foregoing which I have read and understand.

"HENRY C. CUTTING.

"Witness:  FRANCIS M. MADSEN."

On the trial the plaintiff called an outside salesman, Mr. Carr, who testified that he called on Mr. Cutting at

the Daisy Farm Inn and also at Mr. Cutting's office in the Security Bank Building in Oakland. Mr. Carr testified that the Daisy Farm Inn was a restaurant and that it had, among other appurtenances, a dancing floor. He further testified that on June 2d, Mr. and Mrs. Cutting went with him into the store owned by the plaintiff and that after the musical instruments were exhibited to Mr. and Mrs. Cutting that Mr. Cutting made the remark that the instrument mentioned in the findings "would be most satisfactory in our place." Later on the same day the sales contract above referred to was signed and a few days later the musical instrument was put in place in accordance with the terms of the sales contract. The subscribing witness, Francis M. Madsen, was called as a witness and testified that he was present on June 2, 1922, and took part in exhibiting the instruments to Mr. and Mrs. Cutting. That in the conversations held Mr. Cutting stated that the instrument was to be installed at the Daisy Farm Inn in Oakland. He further stated that the instrument was first examined by Mr. Cutting on one occasion; that nothing was done until Mrs. Cutting was brought over later; that when she stated she liked the instrument designated in the writing Mr. Cutting decided to take it and Mrs. Cutting decided to take it, although the witness could not say that any particular words in that behalf were used by either the husband or his wife. The plaintiff also called as a witness Mr. Cutting. He testified that his codefendant, Mrs. Cutting, was the owner of Daisy Farm Inn. The property formerly stood in the name of Mr. Cutting until 1915 or 1916. In November, 1918 or 1919, he converted a building that was then a barn into a café. In the year 1922, Mr. Cutting stated that his wife was managing the place and that he used to do what he could in assisting in the management. He hired employees. The musical instrument as installed had ten slot boxes so that the instrument might be used by the guests of the house dropping coins in the slots.

[1] When the defendants came to introduce their testimony they offered witnesses to the effect that Mrs. Cutting was the owner of the personal property contained in the Daisy Farm Inn and that the title to real estate stood in her, but they offered no testimony to the effect as to whether the condition of the title was ever at any time called to the

attention of the plaintiff in this case until the date of the trial, or that she objected to the presence of the machine in her house.

There is no testimony other than that stated above showing that at the time the written instrument was signed the plaintiff knew that Mrs. Cutting was principal and Mr. Cutting was acting as her agent. Under such a state of facts the plaintiff was entitled to hold either the principal, when discovered, or the agent. (31 Cyc. 1574.) **[2]** No demurrer was interposed and at no stage of the proceedings was any motion made based upon the proposition the plaintiff might not sue the principal and agent jointly. That question, therefore, is not before us.

**[3]** Complaint is made to the effect that at times the piano was out of order; on one occasion that Mr. Cutting notified the plaintiff on Thursday that the instrument was out of order and that the plaintiff did not send a mechanic until the Tuesday following. The record does not disclose the exact date of the incident. The defendants made no objection to the delay until they were sued for the price of the instrument. As the matter appears on the face of this record the delay in making repairs does not constitute a defense to the action. The findings are supported by the evidence.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.